"GEORGE, THE COUNT JOANNES," *vs.* ZEBINA K. PANGBORN & others.

The plaintiff in a personal action, brought originally in the superior court, who recovers a verdict of just twenty dollars, is not entitled to costs, under the General Statutes.

TORT, brought originally in the superior court, in the name of "George, the Count Joannes," seeking to recover damages of the defendants for a libel, in publishing of the plaintiff the same words recited in the preceding case. The plaintiff recovered a verdict, with damages in the sum of twenty dollars, and the clerk taxed his full costs. This taxation was reversed, on appeal, in the superior court; and the plaintiff appealed to this court.

The plaintiff, *pro se.*

*J. Nickerson*, for the defendants.

DEWEY, J. The purpose of the various statutes upon this subject has been to confine the party instituting an action to that particular tribunal to which jurisdiction thereof properly appertains, and, as a penalty for a failure in this respect, the party is subject to the loss of his costs. It was thus provided as early as *St.* 1786, *c.* 52, § 3, and has been continued to this day, under certain modifications making the rule more stringent and the penalty more severe. Under the statute just cited, a plaintiff recovering a sum not exceeding the jurisdiction of a justice of the peace, in an action of slander originally brought in the court of common pleas, was entitled to one half as much costs as he had recovered for damages.

By *St.* 1807, *c.* 123, § 2 and Rev. Sts. *c.* 121, § 3, the plaintiff in such case was entitled to recover only one fourth as much costs as damages. And by *St.* 1859, *c.* 196, § 24 and Gen. Sts. *c.* 156, § 5, it is enacted that when the final recovery does not exceed twenty dollars for debt or damages, in a personal action brought originally in the superior court, the plaintiff shall recover no costs. The plaintiff here has a verdict for only twenty dollars, and if this be taken as the sum " finally recovered " in the

language of the statute, it is conceded that he is not entitled to costs.

The only difficulty arises from the novel provision introduced into the Gen. Sts. c. 133, § 8, extending an enactment which had before existed only as to verdicts for damages for land taken for highways and railroads, awards of referees and cases of that character, to the case of verdicts rendered in trials in the ordinary course of legal proceedings in courts of common law, and directing interest to be computed on the verdict from the time when made, to the time of making up the judgment. As the judgment is to be entered at the close of the term, or at an earlier period if a special order to that effect is made, there will necessarily be some accumulation of interest, though it may be very small, as in the present case, in which it amounts to only one cent; yet under the statute the party would seem to be entitled to enter a judgment for the amount of the verdict and interest thereon, which, in the present case would be twenty dollars and one cent. The inquiry is, whether the sum found by the jury as damages is to regulate the costs, or that sum after being increased by the addition of the interest that may accrue thereon before the party moves for and obtains his judgment. The language of Gen. Sts. c. 156, § 5 is, " If the plaintiff finally recovers a sum not exceeding twenty dollars for debt or damages, he shall be entitled to no costs." The phraseology is changed from that of the earlier statutes, where the words were, " If the judgment does not exceed twenty dollars," &c. Perhaps this may not be thought a material difference, and we do not put the decision upon that ground.

But, as it seems to us, it was not within the purpose of Gen. Sts. c. 133, § 8, to make any alteration in the rule of law as to the penalty of losing costs if the plaintiff recovers by the verdict of the jury a sum not exceeding twenty dollars, in an action originally brought in the superior court. It is not to be left optional with the plaintiff to postpone the entry of judgment, either by bill of exceptions or other delay, until by the accumulation of interest the amount to which he is entitled to have judgment becomes sufficient to carry full costs. Nor is the

delay that may occur in the ordinary course of proceedings be-tween the time of the verdict and the rendition of judgment to have such effect. The question of costs or no costs must prop-erly rest on the verdict itself, and any addition thereto, arising from an allowance of interest thereon subsequently, does not affect this question. This principle was early applied in the case of *Andrews,* v. *Austin,* 2 Pick. 528. The question arose there upon a case brought up by an appeal from the court of common pleas to this court, under a like provision as to costs if the plaintiff thus appealing failed to recover one hundred dol-lars in this court. The verdict of the jury was for the sum of ninety dollars, and the case was carried to the full court upon questions of law reserved by the defendant, and the exceptions being overruled judgment was entered for one hundred dollars and eighty cents, being the amount of the verdict and subse-quently accruing interest, and the plaintiff asked for full costs as he had recovered more than one hundred dollars; but this court held that the increase in the amount of the judgment in conse-quence of the interest was not to avail the plaintiff in the matter of costs, but that the costs must be regulated by the amount of the verdict alone.

This seems to us to be the proper rule, and in accordance with the purpose of the statute.

*Judgment of the superior court, denying costs, affirmed.*